AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO
MAY - 7 2025
MITCHELL R. ELFERS
CLERK OF COURT

In the Matter of the Search of                    )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*      )   Case No. 25MR854
a black in color Samsung phone (subject telephone) )
                                                   )
                                                   )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

a Samsung phone (subject telephone), more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of _____ New Mexico _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324 | Conspiracy to Transport and Harbor Illegal Aliens |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days *(give exact ending date if more than 30 days:* ___ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Ramon E Rodriguez Jr, Border Patrol Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by electronic submission and telephonic swearing   *(specify reliable electronic means)*.

Date: May 7, 2025

*Judge's signature*

City and state: Las Cruces, New Mexico     Gregory B. Wormuth, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrant to search and seize information, more fully described in **Attachment B**, contained in the following electronic device (referred to in **Attachment B** and **Attachment C**) as "Subject Telephone" to include any SIM cards found in or with the Subject Telephone. This warrant authorizes the forensic examination of the entire device for the purpose of identifying the electronically stored information described in Attachment B.

### Subject Telephone/ Subject Telephone #1

The Subject Telephone is a black in color Samsung cellular telephone, which was seized from Jeffery A Pierce on 04/12/2025, in Deming, New Mexico. The Subject Telephone is currently in the custody of the United States Border Patrol located in Deming, New Mexico, and is depicted in the photographs below:



Page 1 of 1

## ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, wherever located and in whatever format, stored on the Subject Telephone described in **Attachment A** that are related to violations of 8 USC § 1324, by Jeffery A. Pierce including:

1. Phone numbers, names, usernames, email addresses, residential addresses, and other identifying information of co-conspirators and other associates of the user of the Subject Telephone;

2. Audio and video calls made to or from the Subject Telephone along with the duration and date and time each such communication occurred;

3. Any message logs or messages, whether sent from, to, or drafted on, the Subject Telephone, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the Subject Telephone, along with the date and time each such communication occurred;

5. Photographs or video recordings stored on the Subject Telephone, along with the date and time each such photograph or video recording was created;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephone;

7. Information relating to other methods of communications, including the contents of those communications, utilized by the user of the Subject Telephone and stored on the Subject Telephone;

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephonesuch as social media accounts, email addresses, messages, location information, photographs and videos, phonebooks, saved usernames and passwords, documents, and internet browsing history.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities

described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the United States Border Patrol shall deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT C
## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Ramon Rodriguez, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of the cellphone described in Attachment A, which is currently in law enforcement possession, and the extraction from that cellphone of the electronically stored information described in Attachment B.

## AGENT BACKGROUND

2. I am a Border Patrol Agent with the United States Border Patrol and have been since April 20, 2020. I am currently assigned to the Disrupt Unit at the Deming, New Mexico Border Patrol Station. I am empowered, as a Border Patrol Agent, to affect arrests, conduct searches, and perform seizures for violations of various federal laws. I have participated in numerous alien smuggling investigations, either as a case agent or in various support roles. Additionally, I have arrested numerous individuals involved in alien smuggling cases stemming from Mexico into the United States.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents involved in the investigation, and review of reports written by other agents and other evidence and materials concerning the investigation.

4. Through my training and experience, I know that alien smugglers often maintain one or more cellular or smart telephones (devices) which they use to further their smuggling

Page 1 of 8

schemes. Alien smugglers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other members of the organization. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's members to provide instructions for the smuggling and transportation of the people being smuggled.

5. I also know that some devices utilize subscriber identity module ("SIM") cards. A SIM card is a chip that is used to authenticate a device to a network. The SIM card generally contains subscriber information and authentication information, and it may contain contacts and encryption information. The portability of SIM cards in some devices allows a user to easily change devices, while maintaining the same telephone number, by removing the card from one device and inserting it into another. While SIM cards may have the capability to store some of the evidence described above, the storage capacity of devices tends to far exceed that of SIM cards. Which information is stored on the SIM card, on the device, or in both locations varies and depends on variables such as the user-defined settings on the device and the memory capacity of the SIM card. Accordingly, information pertaining to alien smuggling activity may be located on the SIM card itself, as well as the device in which the SIM card was inserted.

6. I further know from my training and experience that a cache of information concerning alien smuggling activities and revealing the identity of the user of the device can be found on these devices. This information includes dialed, received, or missed calls and messages sent, received, or placed in draft status, which can be found on these devices, including in third-party applications (or "apps") with messaging and audio and video calling features, such as

Facebook Messenger, WhatsApp, SnapChat. I know that the identities, telephone numbers, and usernames of other participants involved in the alien smuggling activity are often maintained in the contact lists of these devices, including in third-party social media and other applications. In my experience, alien smugglers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including smuggled illegal aliens, currency, and firearms. Alien smugglers also use also use GPS applications (such as Google Maps or Apple Maps), which can reveal their whereabouts when they conducted or arranged alien smuggling activities or travel, as well as establishing identity of the user of the device based on the locations frequented. In addition, alien smugglers can also use these devices to store information related to the financial transactions related to alien smuggling, such as debt ledgers and financial accounts and transactions. In my experience, the devices used by alien smugglers often contain evidence relating to their alien smuggling activities including, but not limited to, contact lists, lists of recent call activity, stored text, chat, and voice mail messages, photographs and video recordings, GPS and location information, and financial accounts and records. In my training and experience, examining data, including location data, stored on cellular telephones can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well as when the individual used the device and where they were located when they used the device

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

7. The property to be searched is a black in color Samsung cellular telephone, and any SIM card or other storage media contained therein (hereinafter "the Subject Telephone". The Subject Telephone was seized from Jeffery A Pierce on April 12, 2025. The Subject

Telephone is currently located at Deming, New Mexico Border Patrol Station. In my training and experience, I know that The Subject Telephone has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when The Subject Telephone first came into the possession of the United States Border Patrol.

8. The applied-for warrant would authorize the forensic examination of the Subject Telephone for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

9. Because this Affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search the Subject Telephone for evidence of violations of 8 U.S.C. § 1324, Conspiracy to Transport illegal aliens.

10. The request to search the Subject Telephone is based on the following:

11. On April 11, 2025, at approximately 11:45 pm, a Border Patrol Agent (BPA), was performing roving patrol on New Mexico State Road (NMSR) 146, which I know based on my training and experience is often exploited by Transnational Criminal Organizations TCO's to conduct illicit activities.

12. While traveling south on NMSR 146, the BPA noticed a gray minivan travelling northbound at a noticeable slow speed. Due to the unusual behavior, the BPA decided to further investigate since it was during shift change. I know based on my training and experience TCO's try to smuggle aliens during shift change as there are less BPAs in the field and monitoring

traffic. As the BPA performed a U-turn, the driver of the vehicle accelerated as if trying to evade the BPA.

13. When the BPA drove closer to the vehicle, the BPA noticed several people's heads moving through the rear window. After running the vehicle plates, the BPA was advised via radio that the vehicle was a rental, the BPA decided to conduct a investigatory stop by initiating the emergency lights and sirens.

14. The BPA identified himself as a BPA in the English language and asked the driver, later identified as Jeffery A. Pierce, his citizenship to which he claimed to be a United States Citizen. While the BPA was questioning the driver, he noticed the front passenger avoiding eye contact with him, and when he tried to conduct an immigration inspection on her, Pierce attempted to answer for her by stating, "She's a citizen."

15. The BPA asked for her citizenship in English to which she seemed confused and switched to the Spanish language where she admitted in Spanish that she did not have the proper documents to be in the United States legally. The BPA then instructed the driver to unlock the rear sliding door, so he could further continue an immigration inspection on the rest of the passengers. The BPA realized there were seven more passengers in the vehicle, and some were sitting on the floor in-between the seats. The seven other individuals admitted to being in the United States illegally without any legal documents that would permit them to remain in the United States.

16. A Material Witness (MW) stated they crossed illegally into the United States and were instructed to wait next to the road for a van to pick them up. The MW identified the Pierce as the driver of the van on a photographic lineup display of six individuals. The MW stated he observed the Pierce use the Subject Telephone at least twice to communicate with someone after they were picked up.

17. Based upon the information contained in this Affidavit, there is probable cause to believe that the Subject Telephone contains evidence of violations of 8 U.S.C. § 1324: Conspiracy to Transport Illegal Aliens.

## ELECTRONIC STORAGE & FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. This information can sometimes be recovered with forensics tools.

19. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Telephone was used, the purpose of its use, who used the Subject Telephone, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Telephone because:

   a. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

Page 6 of 8

b. A person with appropriate familiarity with how an electronic device works and the data generated by such devices may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

c. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

d. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Subject Telephone consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Subject Telephone to human inspection in order to determine whether it is evidence described by the warrant.

21. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

22. Based on the above information, there is probable cause to believe that evidence of violations of 8 U.S.C. § 1324 are located on the Subject Telephone. Therefore, I respectfully request that this Court issue a search warrant for the Subject Telephone, more particularly described Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Respectfully submitted,

Ramon E Rodriguez Jr
United States Border Patrol Agent

Electronically submitted and telephonically sworn to before me on May 7th, 2025:

GREGORY B. WORMUTH
United States Magistrate Judge